Daniel T. Hayward, Esq.
Nevada State Bar No. 5986
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, Nevada 89521
dhayward@laxalt-nomura.com
Telephone: (775) 322-1170
Facsimile: (775) 322-1865

Gregg M. Mashberg, Esq. (*pro hac vice* admission pending)
Lawrence S. Elbaum, Esq. (*pro hac vice* admission pending)
PROSKAUER ROSE LLP
Eleven Time Square
New York, NY 10036
gmashberg@proskauer.com
lelbaum@proskauer.com
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

Attorneys for Defendants
The Depository Trust Company,
The Depository Trust & Clearing Corporation,
National Securities Clearing Corporation, and
Fixed Income Clearing Corporation

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BANCORP INTERNATIONAL GROUP, a Nevada Corporation; DOURGLAS R. CARON, an individual, | Case No. 3:13-cv-00170-RCJ-WGC |
| Plaintiffs, | |
| vs. | |
| FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., a Nevada corporation; DEPOSITORY TRUST COMPANY, a New York Limited Purpose Trust Company; DEPOSITORY TRUST AND CLEARING CORPORATION, a New York corporation; NATIONAL SECURITIES CLEARING CORPORATION, a foreign corporation; FIXED INCOME CLEARING CORPORATION, a foreign corporation; et al., | **REPLY MEMORANDUM OF THE DTCC DEFENDANTS** |
| Defendants. | |

Defendants The Depository Trust Company ("DTC"), The Depository Trust & Clearing Corporation ("DTCC"), National Securities Clearing Corporation ("NSCC") and Fixed Income Clearing Corporation ("FICC" together with DTC, DTCC and NSCC, the "DTCC Defendants") submit the following reply points and authorities (the "Reply") in support of their motion to dismiss the Complaint in this action. The arguments raised in Plaintiffs' opposition to the DTCC Defendants' motion to dismiss ("Opposition") track closely Plaintiffs' response to the motion to dismiss previously made by defendant The Financial Industry Regulatory, Inc. ("FINRA"). Accordingly, in order to avoid burdening the Court with duplicative arguments, the DTCC Defendants adopt and incorporate by reference FINRA's moving and reply memoranda (the "FINRA Memos"), where appropriate.

## I.     ARGUMENT

### A. The DTCC Defendants Are Immune From Any Causes of Action Arising From Merely Complying With FINRA's Regulatory Decisions.

Plaintiffs allege that the DTCC Defendants relied on and complied with FINRA's regulatory decisions to not recognize BCIT's new CUSIP number. (Complaint at ¶39(e), (f) and (r)). As observed in the DTCC Defendants' opening memorandum in support of their motion to dismiss ("DTCC Memo"), as well as the FINRA Memos, the DTCC Defendants are immune from any causes of action arising from their mere compliance with FINRA's regulatory decisions. *Dexter v. Depository Trust & Clearing Corp.*, 219 F. App'x 91 (2d Cir. 2007), *summarily aff'g*, 406 F. Supp. 2d 260 (S.D.N.Y. 2005); *see also Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1214-15 (9th Cir. 1998). The Opposition does not address directly this dispositive principle of law. Instead, Plaintiffs misconstrue applicable authority and attempt to create new facts not alleged in the Complaint.

*First*, Plaintiffs have misconstrued the holding of *Dexter*, which remains directly applicable to the facts of this case. Plaintiffs claim that the *Dexter* court held that:

> dismissal [of the complaint against DTC] was proper only where the plaintiffs had failed to allege any cause of action based on fraud, and there [was] no allegation that the DTC defendants did anything other than ministerially execute a distribution in accordance with the directives of the NASD.

Opposition at 11. Aside from taking this quote completely out of context, Plaintiffs also ignore that the court in *Dexter* observed that the Second Circuit has "rejected efforts to limit the scope of ... [absolute] immunity, holding that the immunity extends to actions alleging fraud (and thus, a fortiori, actions like this one alleging 'bad faith'), and to suits by individual investors as well as suits by members of the SRO." *Dexter*, 406 F. Supp. 2d at 262. The Ninth Circuit has upheld this very same principle with respect to absolute immunity. *Sparta*, 159 F.3d at 1215 (citation omitted) (rejecting any "'bad faith' exception" to Nasdaq's absolute immunity for its regulatory actions).

Therefore, no matter how "badly motivated, inept, or even unlawful" the actions of the DTCC Defendants are alleged to have been, they are absolutely immune from this suit because it arises from their compliance with and reliance on FINRA's regulatory decisions. *Dexter*, 406 F. Supp. 2d at 264. As the *Dexter* court <u>did</u> hold:

> **It would be illogical to clothe the ... [FINRA] with absolute immunity for its regulatory decisions, and then to impose liability on a clearing agent that simply carried out its functions in obedience to, and in express reliance on, those decisions.**

*Dexter*, 406 F. Supp. 2d at 264 (emphasis added).

Furthermore, to the extent Plaintiffs' misguided interpretation of *Dexter* is correct (which it is not), it still does not apply to the facts of this case because, as set forth below (section I.D) and in the DTCC Memo (DTCC Memo at 18-19, 22-23), the Complaint fails to sufficiently allege causes of action for fraud and conspiracy against the DTCC Defendants.

*Second,* Plaintiffs raise – for the first time – in the Opposition that the DTCC Defendants are "in direct contravention not of the Exchange Act rules, but of the Oklahoma Court Order and the intent of Section 3(a)(10)." Opposition at 10. This effort to sidestep the DTCC Defendants' immunity argument by relying on a court order issued in a litigation to which the DTCC Defendants were not parties, is of no avail.

It is well settled that "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Parker v. Nishiyama*, 438 F. App'x 642, 643 (9th Cir. 2011) (internal quotation and citation omitted) (affirming district court's dismissal of the case and finding that "[t]he district court properly held that [Plaintiff's] untimely allegation," first raised in his opposition to the motion to dismiss, "could not cure the complaint's defects"); *Jones v. Las Vegas Valley Water Dist.*, No. 2:12-CV-000282-KJD-CWH, 2012 U.S. Dist. LEXIS 95743, at *14 (D. Nev. July 11, 2012) (dismissing claims where plaintiff alleged violations in his opposition papers that he did not allege in his complaint); *Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, No. 2:10-CV-02182-RLH-GWF, 2011 U.S. Dist. LEXIS 143946, at *6-7 (D. Nev. Dec. 13, 2011) (dismissing the complaint where the plaintiff included in its opposition brief facts that "were not in its complaint but were first discussed in its opposition to the motion to dismiss"); *Zuffa, LLC v. Pavia Holdings, LLC*, No. 2:10-CV-01427-RLH-RJJ, 2011 U.S. Dist. LEXIS 122393, at *6 (D. Nev. Oct. 21, 2011) (dismissing a claim where it was "essentially unintelligible as a legal cause of action" as alleged in the complaint and the plaintiff only "finally shed light on its second claim by including information in its opposition that was not alleged in its complaint"); *Artist Hous. Holdings, Inc. v. Davi Skin, Inc.*, No. 2:06-cv-893-RLH-LRL, 2007 U.S. Dist. LEXIS 25345, at *6 (D. Nev. Mar. 27, 2007) (dismissing claims where "Plaintiff attempts to cure vital flaws in the Second Amended Complaint with explanations in the Opposition").

Rather, "when considering a motion to dismiss, a court may reference only those facts alleged within the complaint itself." *In re AgriBioTech Sec. Litig.*, No. CV-S-99-144-PMP (LRL), 2000 U.S. Dist. LEXIS 5682, at *19 n.3 (D. Nev. Mar. 2, 2000) (declining to consider "Plaintiffs' new allegations, raised for the first time in its Opposition to Defendants' Motion to Dismiss," and citing to the proposition that "it is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss."); 2-12 *Moore's Federal Practice-Civil* §12.34[2] (Matthew Bender 3d ed. 2013) ("In deciding whether to dismiss, the court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice . . . . The court may not, for example, take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

Therefore, the Court should not consider Plaintiffs' newly-minted allegations against the DTCC Defendants raised for the first time in the Opposition.

Under any circumstances, even if the Court were to consider Plaintiffs' new allegations, the fact is that Plaintiffs do not allege that the DTCC Defendants were parties to the litigation in which the Oklahoma Court order was issued – indeed they were not – and were not bound by it. *See* FINRA Reply Br. at 5.

**B.      Plaintiffs Have Failed to Allege that They Have Exhausted Administrative Remedies**

As established in the FINRA Memos and the DTCC Memo, the allegations of the Complaint arise from regulatory decisions of FINRA with respect to BCIT's shares.  Complaint at ¶39(e), (f) and (r); FINRA Moving Br. at 3; FINRA Reply Br. at 2-4; DTCC Memo at 1. Therefore, Plaintiffs must establish that they have exhausted their administrative remedies before FINRA and the SEC in advance of bringing an action in this Court.  *Merrill Lynch, Pierce,*

LAXALT & NOMURA.
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

*Fenner & Smith, Inc. v. NASD*, 616 F.2d 1363, 1370-71 (5th Cir. 1980) (dismissing claims against NASD because plaintiff failed to exhaust administrative remedies; finding that exhaustion requirement avoids premature interruption of the administrative process "and allows the administrative agency to utilize its discretion, apply its expertise, correct its own errors, and handle its business expeditiously."). As explained in the DTCC Memo, the Complaint is bereft of any allegations that the Plaintiffs exhausted their administrative remedies. DTCC Memo at 13-15.

Having no response to this argument, Plaintiffs assert a new claim in their Opposition (Opposition at 9-10) that this suit is about their compliance with an "Oklahoma State Order." But, as noted above, the Oklahoma State Order is irrelevant to the DTCC Defendants in this case and should not be considered on this motion to dismiss.

**C.    Plaintiffs Have Not Cured the Jurisdictional Defects of Their Complaint**

Plaintiffs have not made and cannot make a prima facie showing of jurisdictional facts sufficient to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(2). As Plaintiffs observe in their Opposition at 16-17, courts are only to "inquire into whether [the plaintiffs'] pleadings and affidavits make a prima facie showing of personal jurisdiction" and must accept all "uncontroverted allegations in the complaint" as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal quotations and citations omitted). Courts, however, must ignore allegations raised in opposition papers that are not contained in the complaint. *In re AgriBioTech Sec. Litig.*, 2000 U.S. Dist. LEXIS 5682, at *19 n.3 ("When considering a motion to dismiss, a court may reference only those facts alleged within the complaint itself."); *Malmsteen v. Universal Music Grp., Inc.*, No. 10 Civ. 3955 (PAE), 2012 U.S. Dist. LEXIS 82969, at *8 (S.D.N.Y. June 14, 2012) (in considering a motion to dismiss for lack of personal jurisdiction, "a plaintiff may not shore up a deficient complaint through extrinsic

documents submitted in opposition to a defendant's motion to dismiss"); *Bellistri v. United States*, No. 94 Civ. 3768 (KMW), 1997 U.S. Dist. LEXIS 2826, at *4 (S.D.N.Y. Mar. 11, 1997) (Plaintiffs' allegations and arguments in their memorandum of law in opposition to Defendant's motion to dismiss "could not be considered in determining the motion [to dismiss for lack of personal jurisdiction] because they were not set out in pleadings or affidavits").

The Complaint in this action contains the solitary and conclusory allegation that "at all times pertinent hereto, DTC was doing business in Nevada." Complaint at ¶11. This conclusory allegation is flatly contradicted by the Declaration of Peter J. Gleeson (Exhibit 4 to the Compendium of Exhibits filed with the Motion to Dismiss, the "Gleeson Decl."), which states that none of the DTCC Defendants are licensed to do business in Nevada, have offices in Clark County or anywhere else in Nevada, sell or lease property in Nevada, or have any Nevada mailing address.   Gleeson Decl. at ¶¶3, 6, 9, 11.   Plaintiffs' belated attempts to cure their jurisdictional infirmities do nothing more than allege new facts (Opposition 18-19) that are nowhere to be found in the Complaint.   These new allegations should, therefore, not be considered for the purposes of this motion to dismiss for lack of personal jurisdiction.[1]   *In re AgriBioTech Sec. Litig.*, 2000 U.S. Dist. LEXIS 5682, at *19 n.3; *Malmsteen*, 2012 U.S. Dist. LEXIS 82969, at *8; *Bellistri*, 1997 U.S. Dist. LEXIS 2826, at *4.

As set forth in the DTCC Memo (DTCC Memo at 15-16), Plaintiffs' conclusory "doing business" allegations could be sufficient only if Plaintiffs could show that the DTCC Defendants purposefully availed themselves of the privilege of conducting business in Nevada. *See Hoag v.*

---

[1] Plaintiffs have requested "limited formal jurisdictional discovery" should the Court so require.  The DTCC Defendants respectfully request that the Court deny this request.  As the Ninth Circuit has recognized, "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (internal quotation and citation omitted).  Further, since, as noted, the DTCC Defendants have asserted an immunity defense, this case can be resolved without having to address Plaintiffs' assertions of personal jurisdiction.  As observed by FINRA (FINRA Reply at 4), courts "must be mindful of the public policy requiring that immunity defenses be resolved 'as early as possible.'"  FINRA Reply Br. at 4.

*Sweetwater Int'l*, 857 F. Supp. 1420, 1426 (D. Nev. 1994) (citation omitted) (non-resident's contacts with forum contemplated "'continuing and extensive involvement'" in Nevada).  No such showing has been made here.

> **D.      Plaintiffs Have Failed to State the Essential Elements of Any of the Causes of Action Against the DTCC Defendants.**

The Opposition fails to rescue Plaintiffs' woefully defective common law causes of action (which are pre-empted and time-barred[2] in any event).  Beyond merely parroting the governing legal standards[3] and recapitulating the conclusory allegations of the Complaint, they have improperly introduced new allegations that must be disregarded for the purposes of the DTCC Defendants' motion to dismiss.[4]  *Parker*, 438 F. App'x at 643; *Jones*, 2012 U.S. Dist. LEXIS 95743, at *14; *Assurance Co. of Am.*, 2011 U.S. Dist. LEXIS 143946, at *6-7; *Artist Hous. Holdings, Inc.*, 2007 U.S. Dist. LEXIS 25345, at *6.  Therefore, in addition to the reasons set forth in the DTCC Memo, each of Plaintiffs' causes of action against the DTCC Defendants must be dismissed for these reasons as well.[5]

---

[2]  From the face of the Complaint, the latest possible date that Plaintiffs discovered their alleged injuries is November 7, 2006. This is more than six years before the date the Plaintiffs filed the Complaint in March 2013.  All of their claims, therefore, are time-barred.  *See* DTCC Memo at 15. Plaintiffs, however, purport to argue that the applicable statutes of limitation are tolled because they have continued to inquire concerning FINRA's 2006 regulatory decisions.  Opposition Brief at 13-16.  As established by FINRA in its Reply Memorandum, Nevada law prevents Plaintiff from making this argument.  FINRA Reply Memorandum at 6; *see also* N.Y. C.P.L.R. § 203(a) (2013) ("The time within which an action must be commenced, except as otherwise expressly prescribed, shall be computed from the time the cause of action accrued . . . .").

[3]  As noted in the DTCC Memo (DTCC Memo at 16, n. 11), the DTCC Defendants believe that New York law, rather than Nevada law, governs the state law issues in this action. While the DTCC Defendants disagree with Plaintiffs' contention, it is noted that Plaintiffs' state law claims should be dismissed whether this Court applies New York or Nevada law.

[4]  For example, Plaintiffs allege for the first time with respect to their claims for intentional interference with contract and prospective business advantage that "BCIT has a contractual relationship with its stockholders" and that the DTCC defendants "are aware of these relationships."  In addition, Plaintiffs attempt to support their causes of action for deceptive trade practices and racketeering with a citation to paragraph 47 of the Complaint.  That paragraph, however, makes no mention of the DTCC Defendants and, instead, recites alleged conversations Plaintiffs had with FINRA.  Plaintiffs' efforts to rehabilitate the balance of their causes of action contain no more than a rote recitation of the underlying legal standards and the conclusory allegations of the Complaint.

[5]  Plaintiffs argue that their request for injunctive and declaratory relief is appropriate in this case because "there is a substantial controversy between the parties of sufficient immediacy that remains ripe for justiciability..." Opposition at 25, n. 6. In addition to the arguments raised at page 23, n. 13 of the DTCC Memo, the DTCC Defendants note that: (a) the lapse of over 6 years since FINRA stopped BCIT's shares from trading completely

### E.   Plaintiff Caron Lacks Standing to Sue for BCIT's Alleged Damages

The Opposition apparently seeks to convert this action into one brought by Plaintiff Caron, as a shareholder, derivatively on behalf of BCIT. To the extent Plaintiffs' new legal theory is viable (which it is not), nowhere in the Complaint do they allege that Plaintiff Caron made the requisite demand on BCIT to bring this action. Plaintiffs purport to argue that this prerequisite was "logically" mooted because Plaintiff Caron and Plaintiff BCIT are co-plaintiffs in this action, but provide no authority for this proposition. Accordingly, in addition to the arguments set forth in pages 23-24 of the DTCC Memo, Plaintiff Caron lacks standing to bring this action for BCIT's alleged damages.

## II.   CONCLUSION

Based on the foregoing, the Complaint should be dismissed with prejudice as against the DTCC Defendants, together with such other and further relief as the Court deems appropriate.

---

obviates the Plaintiffs' assertion of "sufficient immediacy"; and (b) as noted, since, for various reasons, this suit is preempted and time-barred, it is by no means "ripe for justiciability."

LAXALT & NOMURA,
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

Dated:  October 3, 2013

Respectfully submitted,

LAXALT & NOMURA, LTD.

Daniel T. Hayward, Esq.
Nevada State Bar No. 5986
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, Nevada 89521
dhayward@laxalt-nomura.com
Telephone:  (775) 322-1170
Facsimile:  (775) 322-1865

Gregg M. Mashberg, Esq. (*pro hac vice*
admission pending)
Lawrence S. Elbaum, Esq. (*pro hac vice*
admission pending)
PROSKAUER ROSE LLP
Eleven Time Square
New York, NY 10036
gmashberg@proskauer.com
lelbaum@proskauer.com
Telephone:  (212) 969-3000
Facsimile:  (212) 969-2900

Attorneys for Defendants
The Depository Trust Company,
The Depository Trust & Clearing
Corporation,
National Securities Clearing Corporation,
and
Fixed Income Clearing Corporation

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action.  On this date, I caused to be served a true and correct copy of the forgoing **REPLY MEMORANDUM OF THE DTCC DEFENDANTS** by method indicated

<u>XX</u>        by Court's CM/ECF Program

And addressed to the following:

Michael J. Morrison
1495 Ridgeview Drive, Suite 220
Reno, NV 89519
***Attorneys for Plaintiff, Bancorp
International Group***

William E. Peterson, Esq.
Suellen Fulstone, Esq.
Snell & Wilmer L.L.P.
50 West Liberty Street, Suite 510
Reno, NV 89501

Betty G. Brooks (*pro hac vice admission pending*)
Office of General Counsel
FINRA, Inc.
1735 K Street, N.W.
Washington, D.D. 20006
***Attorneys for Defendant, Financial Industry Regulatory
Authority, Inc.***

Dated:  October 3, 2013.

_____
An employee of Laxalt & Nomura, Ltd.